UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. WALLACE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV985 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

## **Facts and Background**

On February 22, 2013, Petitioner entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and §924(a)(2) in Case No. 4:12CR00409 HEA. By virtue of the plea agreement he waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." [Doc.25]

A Presentence Investigation Report was prepared which found Petitioner to have the following Missouri prior convictions for (1) **Burglary Second Degree under Docket No.: CR181-118F**: On or about July 31, 1981, in Audrain County, Missouri, the defendant, acting together, with Gary Dean Bise, knowingly entered unlawfully in *a building* located at 400 West Love Street in the City of Mexico, Missouri, possessed by W.B., for the purpose of committing the crime of stealing therein; (2) **Burglary First Degree, under Docket No.: CR183-50F:** On or about June 16, 1983, in Audrain County, Missouri, the defendant knowingly entered unlawfully in *a building* located at Missouri 22 Highway west of Mexico approximately one to one and one-half miles, possessed by R.A., doing business as Ron's Body Shop, for the purpose of committing the crime of stealing therein; (3) **Burglary Second Degree, under Docket No.: 184-81F:** On October 14, 1984, the defendant knowingly entered unlawfully in *a building* located at U.S. Highway 54 East in Vandiver Village, possessed by R.G. and P.H., for the purpose of committing the crime of stealing therein; (4) **Burglary Second Degree, under Docket No.: CR184-85F:** According to court records, as to Count 1, on July 17, 1984, the defendant knowingly entered unlawfully in *a building* located at U.S. Highway 54 South just south of Route D, possessed by L.D., doing business as Williamsburg Radiator, for the purpose of committing the crime of stealing therein; (5) **Unlawful Use of a Weapon-Exhibiting, under Docket No.41R01000009:** On or about May 10, 1999, in Randolph County, Missouri, the defendant knowingly exhibited, in the presence of one or more persons, a baseball bat, a weapon readily capable of lethal use, in an angry or threatening manner; (6) **Sale of Marijuana, under Docket No.: 03CR157175-01:** On or about

December 27, 2002, in Montgomery County, Missouri, the defendant knowingly sold more than five grams of marijuana, a controlled substance, to a law enforcement officer, knowing that it was a controlled substance. He was, therefore, classified as a Career Criminal and received a sentence of 84 months. Petitioner did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that since the residual clause of the Armed Career Criminal statute is unconstitutional, *Johnson* should have direct impact upon his sentence as an Armed Career Criminal.

He asserts that, under *Johnson*, his convictions for burglary and unlawful use of a weapon (exhibiting) no longer qualify as violent felonies under the ACCA and, therefore, his sentence should be reduced.

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). The Court's holding in *Welch* makes *Johnson* applicable retroactively in ACCA cases on collateral review.

3

No part of Petitioner's sentence was based upon the residual clause. His prior convictions for burglaries of buildings, sale of a controlled substance and unlawful use of a weapon/exhibiting are serious drug offenses or violent felonies under the enumerated or elements/force clauses of the ACCA, all of which are unaffected by *Johnson*.

The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e). There are three specific "clauses" in the statute defining and delineating what type of prior crime qualifies as a "violent felony." The ACCA's three clauses are: (1) the "elements" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another"; (2) the "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives"; and (3) the "residual clause": "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court concluded in *Johnson* that imposing an increased sentence under ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," violates the Due Process Clause because the residual clause is impermissibly vague on its face. *Johnson*, 135 S. Ct. at 2556. The Court found that the inability of its own cases to develop a "principled and objective standard" demonstrated the residual clause's "hopeless indeterminancy." *Id*. at 2558. The Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both

4

denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. As such, the Court held that the residual clause is "vague in all its applications." *Id*. at 2561.

Here, Petitioner was convicted of second degree burglaries under Missouri law in violation of Mo. Rev. Stat. § 569.170, which occurs when a defendant "knowingly enters unlawfully or knowing remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Recently, in *United States v. Sykes*, No. 14-3139, 2016 WL 7383744 (8th Cir. Dec. 21, 2016), the Eighth Circuit addressed whether Missouri's second degree burglary statute constitutes a "generic burglary" such that it falls within the enumerated clause of § 924(e). *Sykes* unequivocally held that Missouri's second-degree burglary of a building conformed to the elements of a generic burglary.

This is critical in the analysis here as the Supreme Court expressly noted in *Johnson* the ruling "does not call into question application of the [ACCA] to *** the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii)." *Johnson*, 135 S. Ct. at 2563.

Since Petitioner has three burglary convictions, the Court Will not elucidate on the issue of whether his Missouri conviction for Unlawful Use of a Weapon – Exhibiting, in violation of Mo. Rev. Stat. § 570.030.1(4) qualifies as a violent felony under the force clause.

This classification of his Sale of Marijuana offense is unaffected by *Johnson's* determination that the residual clause is unconstitutional. It is clearly a serious drug offense as defined in 18 U.S.C. § 924(e)(2)(A)(ii).

## Conclusion

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 1st day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE